UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA HEWITT,

       Plaintiff,

v.                                                                                  Case No. 2:17-cv-10917-MFL-RSW
                                                                                    Honorable Matthew F. Leitman

RUTHIE McCRARY, M.D.,
ALLURE MEDICAL SPA, PLLC,
a Michigan Corporation,

       Defendants.
_____

RONALD K. WEINER (P40706)               LEROY H. WULFMEIER, III (P22583)
Attorney for Plaintiff                  CHRISTOPHER J. RYAN (P74053)
18930 W. Ten Mile Road                  Attorneys for Dr. McCrary
Southfield, MI  48075                   101 West Big Beaver, Suite 1000
(248) 557-1688                          Troy, MI  48084
ron@liptonlaw.com                       (248) 457-7154
                                        lwulfmeier@gmhlaw.com
                                        cryan@gmhlaw.com

D. JENNIFER ANDREOU (P38973)
HILARY A. BALLENTINE (P69979)
Attorneys for Allure Medical Spa
150 W. Jefferson, Suite 800
Detroit, MI  48226
(586) 466-7607
jandreou@plunkettcooney.com
hballentine@plunkettcooney.com
_____

**DEFENDANT ALLURE MEDICAL SPA, PLLC'S**
**REPLY BRIEF IN SUPPORT OF MOTION FOR RECUSAL AND**
**DISQUALIFICATION OF JUDGE**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ..................................................................................................i

INDEX OF AUTHORITIES ............................................................................................ii

ARGUMENT ................................................................................................................... 1

    DISQUALIFICATION UNDER 28 U.S.C. § 455(A) IS REQUIRED BECAUSE A REASONABLE PERSON, IN POSSESSION OF THE FACTS OF THE VIGOROUS PARTICIPATION BY JUDGE LEITMAN IN ASSISTING PLAINTIFF TO "UNDO" THE STIPULATED ORDER OF DISMISSAL WITH PREJUDICE OF DR. MCCRARY, WOULD QUESTION HIS IMPARTIALITY .................................................... 1

CONCLUSION ................................................................................................................ 7

## INDEX OF AUTHORITIES

Page(s)

**Cases**

*FHC Equities, LLC v. MBL Life Assur. Corp.*,
  188 F.3d 678 (1999) ............................................................................................ 2

*In re Haas*,
  292 B.R. 167 (U.S. Bankruptcy Court, S.D. Ohio, 2013) ............................... 5, 6

*Liljeberg v. Health Services Acquisition Corp.*,
  486 U.S. 847 n. 7 (1988) ..................................................................................... 2

*Litecky v. United States*,
  510 U.S. 540 (1994) ......................................................................................... 1, 2

*Merriweather v. Wilkinson*,
  83 Fed. Appx. 62, *2 (6th Cir. 2003) ................................................................. 2

*Redding v. ProSight Specialty Management Co., Inc.*,
  90 F.Supp.3d 1109 (D. Mon. 2015) .................................................................... 5

*U.S. v. Dandy*,
  998 F.2d 1344 (6th Cir. 1993) ......................................................................... 3, 5

*U.S. v. Nelson*,
  922 F.2d 311 (6th Cir. 1990), *cert. denied*, 499 U.S. 981 (1991) ................... 3

**Court Rules**

Federal Rule of Civil Procedure 54(b) ........................................................... 4, 6, 7

Federal Rule of Civil Procedure 60 ...................................................................... 6

Federal Rule of Civil Procedure 60(b) .............................................................. 6, 7

Federal Rule of Civil Procedure 60(b)(1) ............................................................. 2

**Statutes**

28 U.S.C. § 455 ...................................................................................................... 1

28 U.S.C. § 455(a) .............................................................................................. 1, 2

28 U.S.C. § 455(b)(1) ............................................................................................. 1

## ARGUMENT

**DISQUALIFICATION UNDER 28 U.S.C. § 455(A) IS REQUIRED BECAUSE A REASONABLE PERSON, IN POSSESSION OF THE FACTS OF THE VIGOROUS PARTICIPATION BY JUDGE LEITMAN IN ASSISTING PLAINTIFF TO "UNDO" THE STIPULATED ORDER OF DISMISSAL WITH PREJUDICE OF DR. MCCRARY, WOULD QUESTION HIS IMPARTIALITY**

A defendant has a constitutional and statutory right to an impartial and fair judge at all stages of the proceedings. *See Liteky v. United States,* 510 U.S. 540 (1994). 28 U.S.C. § 455(a) and (b)(1) provides that a district judge is required to disqualify himself if his *impartiality might reasonably be questioned* or if he has an *actual personal bias or prejudice against any party.* 28 U.S.C. § 455. While Plaintiff argues that there is no bias here stemming from an extrajudicial source, there are instances in which sufficient bias can be shown from events which occur in the course of the current proceeding:

> "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior 18 proceedings, do not constitute a basis for a bias or partiality motion *unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.* Thus, judicial remarks during the course of the trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They do so if they reveal an opinion that derives from an extrajudicial source; and *they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.*"

1

*Liteky, supra,* at 555 (emphasis added).  The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process[.]" *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 848 n. 7 (1988).  "[W]hat matters is not the reality of bias or prejudice, but its appearance; recusal is required whenever impartiality might reasonably be questioned."  *Liteky, supra.*

Here, Judge Leitman made his deep-seated favoritism toward Plaintiff known from the very beginning of Plaintiff's efforts to "undo" the stipulated order of dismissal with prejudice.  At the October 22, 2018 hearing on Plaintiff's Motion for Relief from Order, Judge Leitman first observed that under controlling federal authority, "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Federal Rule of Civil Procedure 60(b)(1)." *Merriweather v. Wilkinson*, 83 Fed. Appx. 62, *2 (6th Cir. 2003), citing *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 685-687 (1999).  Then, Judge Leitman *sua sponte* invited Plaintiff, who had already filed a motion and a reply brief, to file a supplemental brief to point to her "strongest federal authority" demonstrating that it would be appropriate to grant Plaintiff relief from the stipulated order dismissing Dr. McCrary with prejudice.  In so doing, the Court effectively <u>assumed</u> one side's position in the adversary process, separate and distinct from <u>ruling</u> on the competing

2

positions of the parties. In fact, the Court devised the strategy to assist Plaintiff. And, when Plaintiff's supplemental brief fell short, Judge Leitman took it upon himself to conduct "post-argument research" to find an appropriate rule of civil procedure in which Plaintiff could escape the terms of the order she expressly agreed to. (R.E. 44, pp. 6-7, Page ID # 654-655).

When "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned[,]" a district court judge "must" recuse himself. *Dandy*, *supra*, at 1349. Plaintiff's argument forgets that the standard is objective, not subjective. *U.S. v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied*, 499 U.S. 981 (1991). A reasonable person, with knowledge of all the facts, would undoubtedly question Judge Leitman's impartiality – particularly as of November 29, 2018, when the Judge indicated that he was likely to rule in Plaintiff's favor even though the appropriate motion and response had not even been filed yet. (R.E. 44, p. 7, Page ID # 655) ("I'm not going to hide the ball here. My inclination is to vacate the order and reenter it as a dismissal with[out] prejudice[.]").

Plaintiff's argument that "[t]he only actions cited by Defendant as problematic are judicial rulings" (R.E. 47, Plaintiff's Response, Page ID # 768) is not true. It is not the Judge's rulings that form the basis for this recusal motion; rather, it is the Judge's deep-seated favoritism toward Plaintiff's

3

position, evidenced by conduct other than judicial rulings. The record is complete with *sua sponte* invitations by the Judge to further brief the issue and detailed "coaching" on how to legally maneuver to undo the stipulated dismissal order. In particular, the Judge educated Plaintiff that "there are three circumstances in which it may be appropriate for a District Court to reconsider an interlocutory order under Rule 54(b)," and then informed Plaintiff that "[o]ne of those circumstances is where there is a need to prevent a manifest injustice." (R.E. 44, pp. 6-7, Page ID # 654-655). Judge Leitman then coached Plaintiff to move under Rule 54(b) and "present the strongest case possible citing case law that it's appropriate under these circumstances to vacate that order to prevent a manifest injustice." (*Id.*, Page ID # 655).

In these circumstances, the question of recusal is not a close one. Not only is the judicial bias in this case actual, but the appearance of impropriety is evident as well. Here, the Court devised a strategy for one side to avoid its unilateral mistake in litigation, to the abject prejudice of the other side. A reasonable man knowing all the details of this case and the court's comments in regard to undoing the stipulated order of dismissal with prejudice would understandably have doubts about Judge Leitman's impartiality. Moreover, even "[w]hen the issue is a close one…the balance tips in favor of recusal."

*Redding v. ProSight Specialty Management Co., Inc.*, 90 F.Supp.3d 1109 (D. Mon. 2015), citing *U.S. v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

Plaintiff's attempt to analogize this case to *In re Haas*, 292 B.R. 167 (U.S. Bankruptcy Court, S.D. Ohio, 2013), falls flat. In *Hass*, the bankruptcy court denied the plaintiffs' motion for recusal because none of the complained of-judicial comments, including that a judgment of nondischargeability cannot be premised solely on a debtor's breach of a promise to pay a prepetition debt, "reflect that the Court prejudiced this case or attempted to coach opposing counsel as to defense strategy." (*Id*. at 178). "Rather, such statements were consistent with the Court's responsibility to use its resources effectively by fleshing out the issues to be tried, focusing parties on the elements of their claims for relief, and ensuring effective presentation of evidence at the trial stage of the proceeding." (*Id*.). Contrary to Plaintiff's argument, Judge Leitman's conduct and comments reached far beyond "review[ing] the relevant facts underlying Plaintiff's motion" and beginning "to form an opinion as to the proper outcome of that motion." (R.E. 47, Plaintiff's Response, Page ID # 774). Judge Leitman did not even have, in his opinion, a proper motion before him upon which he could grant the relief sought by Plaintiff. How, then, could he legitimately form an unbiased opinion as to the proper outcome of that motion? Remember that Judge Leitman stated he was not "going to

5

hide the ball here" and that he was inclined to grant a motion filed by Plaintiff – even though the issue of "manifest injustice" had not yet even been briefed by the parties (because Fed. R. Civ. P. 60(b), the rule under which Plaintiff originally sought relief from the stipulated order of dismissal with prejudice, employs a different legal standard). The important takeaway from *Hass* is that coaching opposing counsel as to strategy <u>can</u> require recusal; it just did not require recusal in *Hass* because no coaching occurred. Here, by contrast, we have a party who, after unsuccessfully moving under Fed. R. Civ. P. 60(b), was informed by the Judge of a different federal rule under which she could move to obtain the relief sought. Moreover, the Judge provided a legal roadmap for the "invited" motion, citing cases and coaching Plaintiff's counsel on the issue to hone in on (i.e., whether denial of Plaintiff's request to vacate the order would result in "manifest injustice"), and then expressly stating that the Court was likely to grant such a motion, if filed. Under this set of facts, the *Haas* Court would have required recusal.

Finally, Plaintiff incorrectly argues that the Court had authority, "after Plaintiff filed a Rule 60 Motion," to "interpret that Motion under Rule 54(b)[.]" (R.E. 47, Plaintiff's Response, Page ID # 776). The transcript of the November 29, 2018 hearing makes clear that Judge Leitman did not "convert" Plaintiff's Motion for Relief from Order brought under Fed. R. Civ. P. 60 to a motion

6

under Rule 54(b). Rather, Judge Leitman denied Plaintiff's 60(b) motion, "because it's the wrong rule and it doesn't apply to the order that I've entered." (R.E. 44, Tr 11/29/18, p. 6, Page ID # 654). He then invited Plaintiff to file a new motion under Rule 54(b) or any other rule Plaintiff believed to be applicable. (*Id.*, p. 7, Page ID # 655). Accordingly, Plaintiff's argument that Judge Leitman could have simply granted Plaintiff's original motion after converting it to a motion under Rule 54(b) is irrelevant and a red herring.

For these reasons, Defendant requests this Court grant the instant Motion.

## CONCLUSION

WHEREFORE, Defendant, Allure Medical Spa, PLLC, respectfully requests that this Honorable Court grant the instant Motion and enter an Order Recusing Judge Leitman from this matter, and grant all other relief to Defendant which is proper in law and equity.

Respectfully submitted,

PLUNKETT ♥ COONEY

January 23, 2019

By: */s/ D. Jennifer Andreou*
D. JENNIFER ANDREOU (P38973)
HILARY A. BALLENTINE (P69979)
Attorneys for Allure Medical Spa
150 W. Jefferson, Suite 800
Detroit, MI 48226
(586) 466-7607

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record on January 23, 2019 by ECF, and that a copy has been mailed by United States Mail, with all postage prepaid, to any parties that are not ECF participants.

    /s/ *Debra L. Vogt*
    Debra L. Vogt

Open.26386.71774.21541459-1