UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA HEWITT,

       Plaintiff,

v.                                         Case No. 2:17-cv-10917-MFL-RSW
                                           Honorable Matthew F. Leitman

RUTHIE McCRARY, M.D.,
ALLURE MEDICAL SPA, PLLC,
a Michigan Corporation,

       Defendants.

_____

RONALD K. WEINER (P40706)          LEROY H. WULFMEIER, III (P22583)
Attorney for Plaintiff             CHRISTOPHER J. RYAN (P74053)
18930 W. Ten Mile Road             Attorneys for Dr. McCrary
Southfield, MI  48075              101 West Big Beaver, Suite 1000
(248) 557-1688                     Troy, MI  48084
ron@liptonlaw.com                  (248) 457-7154
                                   lwulfmeier@gmhlaw.com
                                   cryan@gmhlaw.com

D. JENNIFER ANDREOU (P38973)
HILARY A. BALLENTINE (P69979)
Attorneys for Allure Medical Spa
150 W. Jefferson, Suite 800
Detroit, MI  48226
(586) 466-7607
jandreou@plunkettcooney.com
hballentine@plunkettcooney.com

_____

## DEFENDANT ALLURE MEDICAL SPA, PLLC'S ANSWER TO PLAINTIFF'S MOTION TO REVISE OR STRIKE ORDER PURSUANT TO RULE 54(b)

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS..................................................................................................i

INDEX OF AUTHORITIES ........................................................................................ ii

COUNTER-STATEMENT OF THE QUESTION PRESENTED ....................................... iv

MOST CONTROLLING AUTHORITY........................................................................... v

COUNTER-STATEMENT OF MATERIAL FACTS AND PROCEEDINGS..................... 1

ARGUMENT ................................................................................................................7

      PLAINTIFF'S MOTION TO STRIKE OR REVISE THE JUNE 29, 2018 STIPULATED ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT DR. MCCRARY SHOULD BE DENIED, WHERE PLAINTIFF'S MOTION, FILED AT THE INSTRUCTION OF THE COURT, DOES NOT EVEN COME CLOSE TO SATISFYING THAT MANIFEST INJUSTICE WOULD RESULT IF THE CURRENT ORDER – WHICH PLAINTIFF EXPRESSLY AND VOLUNTARILY AGREED TO – REMAINS IN PLACE....................................................................................7

    A.    Federal Rule of Civil Procedure 54(b) is typically used as a vehicle to reconsider interlocutory orders entered after the Court's decision on a motion – not on a stipulation.............................7

    B.    The stipulated order of dismissal with prejudice does not amount to clear error......................................................................9

    C.    There is no manifest injustice in enforcing an order which Plaintiff's counsel agreed to, particularly where striking or vacating the order would deprive Allure of its dismissal of the case and would open up Dr. McCrary to a contribution claim. ..................................................................................... 11

    D.    Plaintiff's cited case law is unpersuasive............................... 16

CONCLUSION ......................................................................................................... 19

i

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

*Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*,
569 F.2d 1174 (1st Cir. 1978) ...................................................................................... 5

*Al-Shimmari v. Detroit Medical Center*,
477 Mich. 280; 731 N.W.2d 29 (2007) ............................................................. 4, 13

*Associated Gen. Contractors of Cal., Inc. v. Cal. State. Council of Carpenters*,
459 U.S. 519; 103 S.Ct. 897; 74 L.Ed.2d 732 (1983) ........................................ 12

*Baynes v. AT&T Technologies, Inc.*,
976 F.2d 1370 (11th Cir. 1992) ............................................................................... 12

*Ciralsky v. CIA*,
355 F.3d 661 (D.C. Cir. 2004) .................................................................................. 13

*Every v. Brennan*,
2018 WL 4568600 (E.D. Tenn. 9/24/2018) ..................................... 16, 17, 18

*FHC Equities, L.L.C. v. MBL Life Assur. Corp.*,
188 F.3d 678 (6th Cir. 1999) .............................................................................. 3, 4

*GenCorp, Inc. v. Am. Int'l Underwriters*,
178 F.3d 804 (6th Cir. 1999) ........................................................................... 14, 15

*Hall v. Eichenlaub*,
559 F.Supp.2d 777 (E.D. Mich. 2008) ................................................................. 16

*Hollis v. Dump Cable, Inc.*,
2014 WL 12526725, at *2 (W.D. Tenn. Aug. 12, 2014).............. 9, 10, 13, 14

*In re Regions Morgan Keegan*,
2010 WL 5464792, at *2 ............................................................................................. 10

*Lavespere v. Niagara Machine & Tool Works, Inc.*,
910 F.2d 167 (5th Cir.1990)..................................................................................... 15

*Louisville/Jefferson Cnty. Metro Gov't v. Holes.com, L.P.*,
590 F.3d 381 (6th Cir. 2009) .................................................................................... 7

*Marbury Law Group, PLLC v Carl*,
729 F.Supp.2d 78 (D.C. Cir. 2010) .................................................................. 16, 17

*Merriweather v. Wilkinson*,
    83 Fed. Appx. 62, * 2 (6th Cir. 2003) ................................................................... 3, 4

*Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*,
    866 F.2d 228 (7th Cir. 1988) .......................................................................... 11

*Qwest Servs. Corp. v. FCC*,
    509 F.3d 531 (D.C. Cir. 2007) ........................................................................ 15

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*,
    89 Fed. Appx. 949 (6th Cir. 2004) ............................................................. 8, 10

*Slate v. American Broadcasting Companies, Inc.*,
    12 F.Supp.3d 30 (D.C. 2013) ......................................................................... 12

*South Carolina v. U.S.*,
    232 F.Supp.3d 785 (D. South Carolina 2017) ............................................. 7

**Court Rules**

Fed. R. Civ. P. 54(b) ....................................................... 6, 7, 8, 9, 10, 11, 16, 19

Fed. R. Civ. P. 59(e) ...................................................................................... 15, 16

Fed. R. Civ. P. 60(b) ........................................................................................ 3, 5

Fed. R. Civ. P. 60(b)(1) ........................................................................ 2, 3, 4, 5, 6

MCR 2.612(C)(1) ....................................................................................................... 2

**Other Authorities**

*Black's Law Dictionary*, Seventh Ed. ........................................................... 12

**COUNTER-STATEMENT OF THE QUESTION PRESENTED**

I.

SHOULD PLAINTIFF'S MOTION TO STRIKE OR REVISE THE JUNE 29, 2018 STIPULATED ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT DR. MCCRARY BE DENIED, WHERE PLAINTIFF'S MOTION, FILED AT THE INSTRUCTION AND INVITATION OF THE COURT, DOES NOT EVEN COME CLOSE TO SATISFYING THAT MANIFEST INJUSTICE WOULD RESULT IF THE ORDER WHICH PLAINTIFF EXPRESSLY AND VOLUNTARILY AGREED TO REMAINS IN PLACE?

Defendant Allure Medical Spa, PLLC, answers "yes."

Defendant Ruthie McCrary, M.D., presumably answers "yes" but has not directly addressed this question.

Plaintiff Victoria Hewitt answers "no."

iv

## MOST CONTROLLING AUTHORITY

Pursuant to E.D. Mich L.R. 7.1(b), the controlling and most appropriate authority for the relief sought is:

Fed. R. Civ. P. 54

*GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999)

*Hollis v. Dump Cable, Inc.*, 2014 WL 12526725, at *2 (W.D. Tenn. Aug. 12, 2014)

## COUNTER-STATEMENT OF MATERIAL FACTS AND PROCEEDINGS

Plaintiff alleges that Defendant Allure Medical Spa, PLLC ("Allure") is vicariously liable for the purported negligence of Dr. McCrary in connection with a breast augmentation that Dr. McCrary performed at Allure on March 4, 2015.  (R.E. 1, Complaint, Page ID # 1-11).  On June 29, 2018, after Plaintiff and Dr. McCrary reached a settlement and entered into a Covenant Not to Sue, this Court entered a _Stipulated Order_ dismissing Dr. McCrary, only, "with prejudice."  (R.E. 28, Stipulated Order for Dismissal with Prejudice of Ruthie McCrary, M.D., Only, Page ID # 461-462) (**Exhibit A**).  Plaintiff's attorney, Ronald K. Weiner, provided his consent to the stipulated order prior to the time it was presented to and entered by this Court.  (_Id_.).  Moreover, Plaintiff's counsel was emailed a copy of the stipulated order as it was submitted to the Court, prior to the time it was signed by this Court.  (Email Correspondence to Weiner, 6/29/18).

The Stipulated Order clearly stated – not once, but twice – that the dismissal of Dr. McCrary was "_with prejudice_":

### STIPULATED ORDER FOR DISMISSAL <u>WITH PREJUDICE</u> OF RUTHIE McCRARY, M.D., ONLY

This matter having come before the Court upon the stipulation of the parties, through their undersigned counsel;

1

IT IS HEREBY ORDERED THAT Defendant RUTHIE McCRARY, M.D., only is dismissed <u>with prejudice</u> and without costs.

(R.E. 28) (emphasis added).

On July 23, 2018, Allure filed a motion for summary judgment, arguing that by operation of law, the voluntary dismissal with prejudice of Dr. McCrary operates as an adjudication on the merits and requires dismissal of the vicarious liability claims against Allure. (R.E. 30, Page ID # 464-486). This Court granted Plaintiff's request for additional time to file her response to Allure's motion for summary judgment. (R.E. 31, Order for Extension of Time to Answer Defendant Allure Medical Spa, PLLC's Motion for Summary Judgment, Page ID # 507-508).

On August 20, 2018, Plaintiff filed a response to Allure's motion for summary judgment, conceding that under controlling law, a dismissal with prejudice of Dr. McCrary operates as an adjudication on the merits and requires a dismissal of the vicarious liability claims against Allure. (R.E. 32, Response to Allure's Motion for Summary Judgment, Page ID # 509-519). However, Plaintiff asserted that "the dismissal order being with prejudice was a mistake." (*Id*., Page ID # 510). Contemporaneously with her response, Plaintiff filed a Motion for Relief from Order pursuant to Fed. R. Civ. P. 60(b)(1) and MCR 2.612(C)(1), claiming that counsel for co-defendant, Dr.

McCrary, "mistakenly drafted" the stipulated order as being "with prejudice" and that, under Fed. R. Civ. P. 60(b)(1) and MCR 2.612(C)(1), Plaintiff should be entitled to relief from the order her counsel "inadvertently stipulated to[.]" (*Id.*, Page ID # 547-548).

Allure's response in opposition to Plaintiff's Motion for Relief from Order emphasized that "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1)." *Merriweather v. Wilkinson*, 83 Fed. Appx. 62, * 2 (6th Cir. 2003) (citing *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685-687 (6th Cir. 1999)). Furthermore, Allure explained that "mistake" and "excusable neglect" have a narrow meaning under Rule 60(b), and that the court has repeatedly denied Rule 60(b) relief based on similar claims. *FHC Equities, L.L.C.*, 188 F.3d at 685 (holding that counsel's stipulation to voluntary dismissal of state claim with prejudice, "apparently not realizing that res judicata from the stipulation would also bar a federal claim based on the same cause of action[,]" did not warrant Rule 60(b) relief "based upon the attorney's genuine mistaken interpretation of the law[.]").

This Court held a hearing on Plaintiff's Motion for Relief from Order and Allure's Motion for Summary Judgment on October 22, 2018. At that hearing, Plaintiff's counsel stated on the record that he read the stipulated order of

dismissal with prejudice before he agreed to sign it and understood that it was a dismissal with prejudice, but conceded that he was not aware of *Al-Shimmari v. Detroit Medical Center*, 477 Mich. 280; 731 N.W.2d 29 (2007), and that a stipulated order of dismissal with prejudice would bar plaintiff from proceeding on her vicarious liability claims against the remaining defendant medical entity.

Upon questioning by the Court, Mr. Wulfmeier, counsel for Dr. McCrary, confirmed that his routine practice is "to enter an Order for Dismissal with Prejudice on behalf of [his] clients when a settlement has been reached."  (R.E. 37-3, Affidavit of LeRoy Wulfmeier, ¶ 2, Page ID # 623).  Mr. Wulfmeier denied that it was a "mistake or 'senior moment' when preparing and submitting the Order for Dismissal of Dr. Ruthie McCrary with prejudice."  (*Id.*, ¶ 3, Page ID # 623).

At the conclusion of the October 22, 2018 hearing, the Court noted that under controlling federal authority, "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1)."  *Merriweather v. Wilkinson*, 83 Fed. Appx. 62, *2 (6th Cir. 2003), citing *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 685-687 (1999)*.* Indicating that it had not reached a final decision, the Court invited Plaintiff to submit a supplemental brief to point to her "strongest federal authority"

4

demonstrating that it would be appropriate to grant Plaintiff relief from the June 29, 2018 Stipulated Order dismissing Dr. McCrary "with prejudice."

Consistent with the Court's invitation, Plaintiff filed a cursory supplemental brief. (R.E. 41). Plaintiff's supplemental brief failed to identify any federal case holding that ignorance of the law and/or a misinterpretation of the law warranted relief under Fed. R. Civ. P. 60(b)(1). Allure's response to Plaintiff's supplemental reply (R.E. 42) pointed out this fact, as well as the well-settled principle that a mistake made by an attorney "except in unusual or extraordinary circumstances not present here" is not the excusable neglect to invoke Rule 60(b). *Id*. at 546, quoting *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc*., 569 F.2d 1174 (1st Cir. 1978).

The Court held a telephonic status conference on November 29, 2018. (**Exhibit B**, Transcript of 11/29/18, R.E. 44). The purpose of the conference, according to the Court, was two-fold: (1) "to update you folks on my thinking on the motion that's pending before me, that the – Mr. Weiner's motion in particular," and (2) "talk about next steps." (*Id*., p. 5, Page ID # 653). The Court indicated that it had conducted "post-argument research" and had "come to the conclusion that at least as far as I can tell right now, Rule 60(b) does not apply to the stipulated order that I entered" because the order did not dispose of all the claims of all the parties. (R.E. 44, p. 5, Page ID # 653).

5

Accordingly, the Court stated that its "inclination is to deny the Rule 60(b)(1) motion because it's the wrong rule and it doesn't apply to the order that I've entered." (*Id*., p. 6, Page ID # 654).

The Court invited Plaintiff "to file a motion seeking relief from that order under Rule 54(b) or any other rule that he thinks applies to that rule and to present the strongest case possible citing case law that it's appropriate under these circumstances to vacate that order to prevent a manifest injustice." (*Id*., p. 7, Page ID # 655).

**ARGUMENT**

**PLAINTIFF'S MOTION TO STRIKE OR REVISE THE JUNE 29, 2018 STIPULATED ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT DR. MCCRARY SHOULD BE DENIED, WHERE PLAINTIFF'S MOTION, FILED AT THE INSTRUCTION OF THE COURT, DOES NOT EVEN COME CLOSE TO SATISFYING THAT MANIFEST INJUSTICE WOULD RESULT IF THE CURRENT ORDER – WHICH PLAINTIFF EXPRESSLY AND VOLUNTARILY AGREED TO – REMAINS IN PLACE.**

**A.  Federal Rule of Civil Procedure 54(b) is typically used as a vehicle to reconsider interlocutory orders entered after the Court's decision on a motion – not on a stipulation.**

At the instruction of this Court, Plaintiff moves for relief under Rule 54(b), which allows a court to revise an order "adjudicat[ing] fewer than all the claims or the rights and liabilities of fewer than all the parties" at any time before the entry of a final judgment.  Fed. R. Civ. P. 54(b).  A movant, to justify reconsideration under Rule 54(b), must show that there is either: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Holes.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  A motion under Rule 54(b) to reconsider an interlocutory order "should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome."  *South Carolina v. U.S.*, 232 F.Supp.3d 785, 793 (D. South Carolina 2017).

Plaintiff has not cited one case in which Rule 54(b) was employed to revise a *stipulated order* entered upon approval of the party who now seeks to revise or vacate the order.  Rule 54(b) has been used to permit motions for reconsiderations of interlocutory orders.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).  Plaintiff, apparently cognizant of this fact, argues that "the logic applicable to a motion for reconsideration is the same as a motion to modify brought under Rule 54(b)." (Plaintiff's Motion, p. 6, n. 3).  Plaintiff offers no further analysis on this point.  But the distinction between a motion for reconsideration and the motion Plaintiff files here is a critical one – a motion for reconsideration necessarily implicates a *ruling by the court* which the movant believes to be incorrect; here, the Court simply entered the order of dismissal with prejudice as it was presented to the Court upon *stipulation of Plaintiff* and Dr. McCrary.  There was no decision by the Court of which Plaintiff can complain. Thus, while Rule 54(b) does allow for the Court to reconsider an interlocutory order, the Rule contemplates an interlocutory order entered after a decision *by the court*.  No such decision is at issue here.

**B.**     **The stipulated order of dismissal with prejudice does not amount to clear error.**

While focusing mostly on manifest injustice (discussed *infra*), Plaintiff summarily argues that "this case involves...a 'clearly erroneous order[.]'" (Plaintiff's Motion, p. 10).  As explained previously, counsel for Dr. McCrary routinely obtains dismissals with prejudice for his clients, even when the parties enter into a covenant not to sue, and thus the language of the stipulated order for dismissal with prejudice was no mistake.  (R.E. 37-3, Affidavit of LeRoy Wulfmeier, ¶¶ 2-3, Page ID # 623).  Yet Plaintiff, throughout the instant Motion, repeatedly characterizes Mr. Wulfmeier's drafting and filing of the order of dismissal with prejudice as clearly erroneous.  (Plaintiff's Motion, p. 11).

Notwithstanding Plaintiff's attempt to shift the blame onto Dr. McCrary's counsel – an unpersuasive tactic Plaintiff has consistently employed throughout these proceedings - Rule 54(b) requires a "'legal error' that the <u>Court itself committed</u> in rendering the prior decision."  *Hollis v. Dump Cable, Inc.*, 2014 WL 12526725, at *2 (W.D. Tenn. Aug. 12, 2014)  (**Exhibit C**) (emphasis added).   In *Hollis*, the district court rejected the defendant's contention that counsel's unilateral mistake justified reconsideration under Rule 54(b).  The at-issue order in *Hollis* was the court's order granting in part

the plaintiffs' motion for partial summary judgment, which was influenced by "disregard[ing] the Defendants' statement of material facts as well as certain of Defendants' responses to the Plaintiffs' statement of undisputed material facts because these contentions relied exclusively on citations to portions of Defendant, Ardahji's deposition that had not been made part of the record." (*Id*. at *2).  In moving to revise or vacate the order, the defendant insisted "that its counsel's 'oversight…in incorrectly believing that the relevant deposition transcripts were properly filed into this Court's record' was 'clear error' within the meaning of Rule 54(b)."  (*Id.*).  The *Hollis* Court flatly rejected that argument, holding that an attorney's unilateral mistake will not afford relief under the "clear error" standard of Rule 54(b):

> Dump Cable now insists that its counsel's "oversight…in incorrectly believing that the relevant deposition transcripts were properly filed into the court's record' was "clear error" within the meaning of Rule 54(b).  That argument relies on an incorrect construction of the term "clear error."  It is not *counsel's* unilateral mistake which justifies reconsideration under Rule 54(b); rather, it is any "legal error" that the Court itself committed in rendering the prior decision.  See *In re Regions Morgan Keegan*, 2010 WL 5464792, at *2 (nothing that *Rodriguez's* third prong contemplates "a need to correct a clear error of law")…The filing mistake apparently committed by Defendant's counsel does not warrant revision on the basis of "clear error.  (emphasis added)

*Hollis*, *supra*, at *2 (internal citations omitted).  Accordingly, Plaintiff counsel's error in failing to appreciate the impact of a dismissal with prejudice of Dr.

McCrary, and the claimed error of signing the stipulated order of dismissal with prejudice, is not the type of clear error to warrant revision of the order under Rule 54(b).

Indeed, the Seventh Circuit has observed that "[t]o be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).  Leaving intact an order which was negotiated for by Plaintiff and Dr. McCrary, reviewed by Plaintiff's counsel prior to submission to the Court, and agreed to by Plaintiff's counsel, hardly satisfies this burden.

**C.    There is no manifest injustice in enforcing an order which Plaintiff's counsel agreed to, particularly where striking or vacating the order would deprive Allure of its dismissal of the case and would open up Dr. McCrary to a contribution claim.**

Plaintiff next argues that manifest injustice would result if this Court does not strike or vacate the stipulated order of dismissal with prejudice. Plaintiff's counsel argues that he never intended to dismiss Plaintiff's claim against Allure and the existing settlement with Dr. McCrary "was never intended to fully compensate Plaintiff for her injuries."  (Plaintiff's Motion, p.

11).  Thus, Plaintiff claims that "[i]f the order is not revised or struck, Plaintiff will be denied an opportunity to be made whole."  (*Id.*, p. 12).

A manifest injustice does not result merely because a harm may go unremedied.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State. Council of Carpenters*, 459 U.S. 519, 536; 103 S.Ct. 897; 74 L.Ed.2d 732 (1983) ("[T]he judicial remedy cannot encompass every conceivable harm that can be traced to alleged wrongdoing.").  Instead, "manifest injustice" must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.  *Slate v. American Broadcasting Companies, Inc.*, 12 F.Supp.3d 30, 35-36 (D.C. 2013).  "Manifest injustice" is defined as "[a]n error in the trial court that is direct, obvious, and observable[.]"  *Black's Law Dictionary*, Seventh Ed., p 974.

It necessarily follows that an analysis of manifest injustice must include an analysis of the rights of all the parties to the action.  *Baynes v. AT&T Technologies, Inc.*, 976 F.2d 1370, 1373 (11th Cir. 1992) ("To determine whether 'manifest injustice' would result, we look at three elements: '(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights.'").  No manifest injustice will be served by the decision to enforce the *<u>stipulated</u>* order, which Plaintiff's counsel read and agreed to prior to its entry.  But it *<u>would</u>* be

12

manifestly unjust to the remaining two-thirds of the parties in this case to vacate or revise the stipulated order of dismissal with prejudice. Allure would lose its dismissal of the case, which it is entitled to under *Al-Shimmari v. Detroit Medical Center*, 477 Mich. 280; 731 N.W.2d 29 (2007). And to "undo" the agreed-upon dismissal with prejudice would result in manifest injustice to Dr. McCrary, who could be subject to a possible indemnity suit by Allure.

Plaintiff's counsel could have avoided this entire scenario had he researched Michigan law to determine the impact of a dismissal with prejudice of the agent on the continued viability of a claim against the alleged principal before he agreed to sign the order. Plaintiff counsel's admitted ignorance of the law does not equate to manifest injustice in these circumstances. *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004) (manifest injustice "does not exist where...a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered."). Similarly, an attorney's negligence does not allow this Court to vacate an order under the guise of "manifest injustice." *Hollis v. Dump Cable*, *supra*, at *2. In rejecting the defendant's argument that it would be manifestly unjust to allow the court's ruling on the motion for partial summary judgment to stand, the *Hollis* Court's analysis is particularly insightful:

> In the exercise of reasonable diligence, Dump Cable's counsel could have discovered this error and supplemented the record at any point during the five-week time period between the filing of Defendants' response to the motion and the Court's ruling on the motion, but he did not do so.  _Justice does not require this Court to expend scarce judicial resources to accommodate counsel's negligence._

(_Id_.).  Similar to the defendant in _Hollis_, here Plaintiff did not even move this Court for relief from the order until nearly one month after Allure filed its motion for summary judgment on the basis of the dismissal order.

The Sixth Circuit has also expressly held it is not manifestly unjust to refuse to "fix" a poor strategic decision by counsel.  _GenCorp, Inc. v. Am. Int'l Underwriters_, 178 F.3d 804 (6th Cir. 1999).   In _GenCorp_, a declaratory judgment action seeking defense costs and/or indemnification for losses incurred as a result of environmental suits, the plaintiff insured, GenCorp, attempted to alter or amend a previous judgment to prevent manifest injustice.   The Sixth Circuit rejected this argument, finding that manifest injustice does not follow from holding a litigant to a commitment which it voluntarily entered into and received consideration for:

> _Nor can we conceive of any manifest injustice in holding GenCorp to a commitment for which it voluntarily entered into and received consideration_, especially since the changed fact is an event GenCorp manufactured after the judgment was entered.  _A decision to reopen this case would subvert the judicial imperative of bringing litigation to an end and would serve no need other than to correct what has—in hindsight—turned out to be poor strategic_

14

> _decision by GenCorp._  *See generally Lavespere v. Niagara Machine &*
> *Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990) (noting factors
> district courts should weigh in exercising their considerable
> discretion under Rule 59(e), including the need to bring litigation
> to an end and the need to render just decisions on the basis of all
> the facts).

*GenCorp*, 178 F.3d at 834 (emphasis added).   Similarly, here Plaintiff

voluntarily entered into the dismissal with prejudice of Dr. McCrary after

reaching a settlement with Dr. McCrary.  Plaintiff received money as a result of

the settlement – and signed a stipulated order of dismissal with prejudice of

Dr. McCrary as consideration for same.  Applying the rationale of the Sixth

Circuit here, there is no manifest injustice in holding Plaintiff to a commitment

for which she voluntarily entered into and received consideration – even if, in

hindsight, it turned out to be a poor strategic decision.  (*Id.*).

Finally, to afford Plaintiff relief at this stage in the proceedings – where

Michigan law unequivocally requires summary judgment in Allure's favor and

where Dr. McCrary has relied on the expectation that she can no longer be

sued for malpractice or indemnity – would "upset settled expectations –

expectations on which a party may reasonably place reliance."  *Qwest Servs.*

*Corp. v. FCC*, 509 F.3d 531, 540 (D.C. Cir. 2007) (interpreting "manifest

injustice in context of retroactive FCC ruling").

**D.     Plaintiff's cited case law is unpersuasive.**

Despite this Court's directive that Plaintiff "present the strongest case possible citing case law that it's appropriate under these circumstances to vacate that order to prevent a manifest injustice[,]" (R.E. 44, p. 7, Page ID # 655), Plaintiff discusses only two non-precedential opinions, *Marbury Law Group, PLLC v Carl*, 729 F.Supp.2d 78 (D.C. Cir. 2010), and *Every v. Brennan*, 2018 WL 4568600 (E.D. Tenn. 9/24/2018), which are not analogous to the circumstances presented here.  Even assuming that this Court was bound by these opinions[1], they in no way demonstrate that manifest injustice would result to Plaintiff if the stipulated order of dismissal with prejudice were left intact.  In fact, these decisions support <u>*Allure's*</u> position.  In *Marbury*, the defendant/counter-plaintiff timely prepared and attempted to file an opposition to the plaintiff's motion to dismiss as required, but the brief was mistakenly delivered to the wrong court "through no apparent fault of Carl's." (*Id*. at 83).  The *Marbury* Court also found important the facts that "Carl sought to remedy this error as soon as it came to his attention" and that Marbury did not oppose Carl's request for reconsideration.  (*Id*.).  On that specific set of

---

[1] This Court is not bound by decisions of Courts of Appeals for other circuits. *Hall v. Eichenlaub*, 559 F.Supp.2d 777, 782 (E.D. Mich. 2008).  Moreover, *Marbury* was decided under Fed. R. Civ. P. 59(e), not Rule 54(b) under which Plaintiff's instant Motion is based.  *Marbury*, 729 F.Supp.2d at 82.

facts, the court exercised its discretion to find that reconsideration of the prior opinion was necessary in order to prevent a manifest injustice.

Here, in stark contrast, we have a litigant (Plaintiff) who is solely at fault (though her counsel) for the situation she now finds herself in; while Plaintiff's counsel argues again and again that he "did not draft the order[,]" the order was not incorrectly drafted by Dr. McCrary's counsel and, regardless, Plaintiff's counsel read and agreed to the language of the order prior to its submission to this Court.  Moreover, unlike Carl, who moved to remedy the error as soon as it came to his attention, Plaintiff's counsel was aware of the impact of the order as-entered as early as July 23, 2018, when Allure filed its motion for summary judgment, yet waited nearly an entire month (until August 20, 2018) before filing a motion for relief from the order. (R.E. 33).  Finally, unlike the plaintiff in *Marbury*, who did not oppose Carl's request for reconsideration, here both Allure and Dr. McCrary oppose Plaintiff's request to amend the order to be a dismissal of Dr. McCrary without prejudice.  *Marbury* thus commands a denial of Plaintiff's motion.

Plaintiff's citation to *Every v. Brennan* fares no better.  The relevant issue in *Every* was whether the defendants' argument that "all the claims...arise from the employment relationship" and thus should be preempted by Title VII" should be interpreted to include, as defendants argued, two state law

claims for intentional and negligent infliction of emotional distress, even though the defendant did not directly address the state law claims in their original briefing, or whether the defendants were raising a new legal theory for the first time.  2018 WL 4568600 at *3.  The *Every* Court determined that while defendants' position "was not clearly made, in fairness, the Court deems it to be an extension of the previous arguments, *i.e.*, plaintiff's state law claims are *also* precluded by Title VII just as her constitutional claims are."  (*Id.*) (emphasis in original).  In so ruling, the *Every* Court did not detail whether it would be manifestly unjust to deny the defendants' requested relief.  But in any event, the issue of whether a position taken by a litigant is broad enough to extend to other claims is completely different than the issue of whether a plaintiff can escape a commitment she voluntarily agreed to and received consideration for.   Accordingly, Plaintiff's citation to *Every* in no way demonstrates that Plaintiff is entitled to the relief sought in her most recent motion.   And Plaintiff's citation to *Every* as "illustrative" highlights the weakness of Plaintiff's position.

## CONCLUSION

WHEREFORE, Defendant, Allure Medical Spa, PLLC, respectfully requests that this Honorable Court deny Plaintiff's Motion to Revise or Strike Order Pursuant to Rule 54(b) and issue all other relief to Defendant which is proper in law and equity.

Respectfully submitted,

PLUNKETT ♥ COONEY

By:   */s/ D. Jennifer Andreou*
     D. JENNIFER ANDREOU (P38973)
     HILARY A. BALLENTINE (P69979)
     Attorneys for Allure Medical Spa
     150 W. Jefferson, Suite 800
     Detroit, MI  48226
     (586) 466-7607
     jandreou@plunkettcooney.com
     hballentine@plunkettcooney.com

Dated:  February 6, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record on February 6, 2019 by ECF, and that a copy has been mailed by United States Mail, with all postage prepaid, to any parties that are not ECF participants.

*/s/ Debra L. Vogt*
Debra L. Vogt

Open.26386.71774.21500591-1